United States District Court
Southern District of Texas
FILED

MAY 2 8 2010

David J. Bradley, Clerk of Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

In Re: **New Directions Club, Inc.** §
§   Case No. **03-33511**
§
Debtor(s). §

## Application for Payment of Unclaimed Funds
## and Certificate of Service

1. I am making application to receive $ **1,446.92**, which was deposited as unclaimed funds on behalf of **Reliant Energy Inc.**
(*name of original creditor/debtor*).

2. Applicant is entitled to receive the requested funds, has made sufficient inquiry and has no knowledge that any other party may be entitled to, and is not aware of any dispute regarding the funds at issued based upon the following (*check the statement(s) that apply*):

☐ a. Applicant is the creditor/debtor named in paragraph 1, and the owner of the funds appearing on the records of this Court, as evidenced by the attached documents.

☐ b. Applicant is the attorney in fact for the creditor/debtor named in paragraph 1, with authority to receive such funds, or who is authorized by the attached original Power of Attorney to file this application on behalf of the creditor/debtor.

☐ c. Applicant is the assignee or successor-in-interest of the creditor/debtor named in paragraph 1, or the representative of the assignee or successor-in-interest, as evidenced by the attached documents establishing chain of ownership and/or assignment.

☒ d. Applicant is a duly authorized corporate officer (if a corporation) or a general partner (if a partnership) and a representative of the creditor/debtor named in paragraph 1.

☐ e. Applicant is the representative of the estate of the deceased creditor/debtor named in paragraph 1, as evidenced by the attached certified copies of death certificate and other appropriate probate documents substantiating applicant's right to act on behalf of the decedent's estate.

☐ f. None of the above apply. As evidenced by the attached documents, applicant is entitled to these unclaimed funds because:

_____
_____
_____

3. I understand that pursuant to 18 U.S.C. § 152, I could be fined no more that $5,000, or imprisoned not more than five years, or both, if I have knowingly and fraudulently made any false statements in this document or accompanying supporting documents. I further understand that any indications of fraud detected by the Court will be turned over to the U.S. Attorney for possible prosecution.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements and information are true and correct.

Dated: 5/26/10

Applicant's Signature: T.C. Livengood
Applicant's Name: Tom C Livengood
Address: 1000 Main St.
Houston, TX 77002
Phone: (832) 357-7522

Subscribed and sworn before me this 26th day of May, 2010.

Donna M. Hashaw
Notary Public
State of Texas
My commission expires 9/25/2012

Attachments: 1. _____
2. _____
3. _____
4. _____

DONNA M. HASHAW
Notary Public, State of Texas
My Commission Expires 09/25/2012

### Certificate of Service

I certify that on 5/27/10 (date), a true and correct copy of this application for payment of unclaimed funds was served by first class United States Mail on the following:

U.S. Attorney
P.O. Box 61129
Houston, TX  77208

U.S. Trustee
515 Rusk Ave., Ste.3516
Houston, TX  77002

Other: _____
_____
_____



**Window on State Government**  Susan Combs  Texas Comptroller of Public Accounts

## Certification of Franchise Tax Account Status

**RRI ENERGY, INC.**
had a recent filing deadline and as of this date,
May 26, 2010, the taxable entity's account status
has not yet been updated.

Account statuses are updated within 60 days after
the filing deadline. The account status for this
taxable entity will be updated no later than the
status date shown on the Certificate of Account
Status page.

Please try back later. Our apologies for any
inconvenience this may cause.

Texas Online | Statewide Search from the Texas State Library | State Link Policy | Texas Homeland Security

**Susan Combs**, Texas Comptroller • Window on State Government • Contact Us
Privacy and Security Policy | Accessibility Policy | Link Policy | Public Information Act | Compact with Texans

# RRI Energy, Inc.

## *ORGANIZATION*

|  | State | Date | Registered Agent | State ID Number |
|---|---|---|---|---|
| Domicile | Delaware | 08/09/2000 | Corporation Service Company | 3271860 |
| Qualification | California | 04/20/2001 | Corporation Service Company d/b/a CSC – Lawyers Incorporating Service | C2340489 |
|  | District of Columbia | 05/15/2001 | Corporation Service Company | 211630 |
|  | Texas | 09/18/2000 | Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company | 13461706 |

Legal Form of Entity:   corporation
Federal Taxpayer ID:    76-0655566
DUNS No.:               00-820-0680

## *MANAGEMENT*

### Directors
| | |
|---|---|
| E. William Barnett | (since 10/03/02) |
| Mark M. Jacobs | (since 5/16/07) |
| Steven L. Miller | (since 8/11/03) |
| Laree E. Perez | (since 4/22/02) |
| Evan J. Silverstein | (since 8/22/06) |

### Corporate Officers
| | |
|---|---|
| Mark M. Jacobs | President and Chief Executive Officer |
| Rick J. Dobson | Executive Vice President and Chief Financial Officer |
| David D. Brast | Senior Vice President, Commercial Operations & Origination |
| David S. Freysinger | Senior Vice President, Generation Operations |
| D. Rogers Herndon | Executive Vice President, Strategic Planning and Business Development |
| Michael L. Jines | Executive Vice President, General Counsel and Corporate Secretary; Chief Compliance Officer |
| Thomas C. Livengood | Senior Vice President and Controller |
| Albert H. Myres | Senior Vice President, Government Affairs |
| Karen D. Taylor | Senior Vice President, Human Resources; Chief Diversity Officer |
| Andrew C. Johannesen | Vice President and Treasurer |
| Lloyd A. Whittington | Assistant Treasurer |
| Allison B. Cunningham | Assistant Corporate Secretary |

# Delaware

PAGE 1

*The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF OWNERSHIP, WHICH MERGES:

"RELIANT ENERGY NEWCO, INC.", A DELAWARE CORPORATION,

WITH AND INTO "RELIANT ENERGY, INC." UNDER THE NAME OF "RRI ENERGY, INC.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE FIRST DAY OF MAY, A.D. 2009, AT 7:47 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF OWNERSHIP IS THE SECOND DAY OF MAY, A.D. 2009, AT 12:01 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

3271860  8100M

090417773

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State
AUTHENTICATION: 7276584

DATE: 05-01-09

State of Delaware
Secretary of State
Division of Corporations
Delivered 07:47 AM 05/01/2009
FILED 07:47 AM 05/01/2009
SRV 090417773 - 3271860 FILE

STATE OF DELAWARE
CERTIFICATE OF OWNERSHIP AND MERGER
SUBSIDIARY INTO PARENT

Certificate of Ownership
MERGING
Reliant Energy Newco, Inc.
(a Delaware corporation)
into
Reliant Energy, Inc.
(a Delaware corporation)

PURSUANT TO SECTION 253 OF THE GENERAL CORPORATION LAW OF DELAWARE ("DGCL"), Reliant Energy, Inc., a corporation incorporated on August 9, 2000 pursuant to the provisions of the DGCL ("Parent"), DOES HEREBY CERTIFY:

1. Parent owns 100% of the capital stock of Reliant Energy Newco, Inc., a corporation incorporated on April 17, 2009, pursuant to the provisions of the DGCL ("Subsidiary").

2. By resolution ("Resolution of Merger") of the Board of Directors of Parent duly adopted at a meeting held on April 22, 2009, Parent determined to (i) merge the Subsidiary with and into the Parent and (ii), effective upon the merger, change the corporate name of the Parent to RRI Energy, Inc. A certified copy of the Resolution of Merger is attached to, and incorporated into, this Certificate of Ownership and Merger as Exhibit A.

3. At the Effective Time (as defined below), by virtue of the merger and without any action on the part of Parent, each issued and outstanding share of Subsidiary shall be cancelled and retired.

4. Pursuant to Section 103(d) of the DGCL, the effective time of the Certificate of Ownership and Merger, and the time when the merger therein provided for, shall become effective shall be 12:01 AM (Eastern Time) on May 2, 2009 (the "Effective Time").

IN WITNESS WHEREOF, this Certificate of Ownership and Merger is hereby executed on behalf of Reliant Energy, Inc. as of April 30, 2009.

Reliant Energy, Inc.

_____
Michael L. Jines, Senior Vice President, General Counsel and Corporate Secretary

{00089125.1 / 04-0053-8759}

<u>Exhibit A</u>

## RELIANT ENERGY, INC.

### Assistant Secretary's Certificate

The undersigned certifies that she is the duly qualified, appointed and acting Assistant Secretary of Reliant Energy, Inc., a Delaware corporation; and

She further certifies that at a meeting of the Board of Directors, dated April 22, 2009, the following resolutions were adopted and that such resolutions have not since been amended or rescinded and are in full force and effect as of the date hereof:

WHEREAS, Reliant Energy, Inc., a Delaware corporation (the "Company"), has entered into a LLC Membership Purchase Agreement by and between the Company and a subsidiary of NRG Energy, Inc. dated as of February 28, 2009 (the "Purchase Agreement"); and

WHEREAS, the Company has agreed to change its corporate name within three business days after the closing of transactions contemplated by the Purchase Agreement; and

WHEREAS, subject to the closing of transactions contemplated by the Purchase Agreement, the Company desires to change the name of the Company from "Reliant Energy, Inc." to "RRI Energy, Inc."; and

WHEREAS, in accordance with Section 253(a) and (b) of the Delaware General Corporation Law, the Company may effect such name change by merging its wholly-owned subsidiary, Reliant Energy Newco, Inc., a Delaware corporation, with and into the Company (the "Merger") and changing the surviving company's name to "RRI Energy, Inc." (the "Name Change"); and

WHEREAS, the Company shall be the surviving company in the Merger; and

WHEREAS, the Board of Directors of the Company has determined that it would be in the best interest of the Company and its stockholders to effect the Merger and the Name Change;

NOW, THEREFORE, BE IT RESOLVED, that, subject to the closing of transactions contemplated by the Purchase Agreement, the Board hereby authorizes the Merger, agrees to assume the liabilities and obligations of Reliant Energy Newco, Inc. following the Merger and authorizes the Name Change; and further

RESOLVED, that, subject to the closing of transactions contemplated by the Purchase Agreement, the Board hereby approves amendments to and a restatement of the Company Bylaws in substantially the form attached hereto as <u>Exhibit A</u>, to reflect the Name Change; and further

{00090529.1 / 04-0053-8759}

**Exhibit A**

RESOLVED, that, subject to the closing of the transactions contemplated by the Purchase Agreement, the Board hereby approves and authorizes amendment of the employee benefit plans and arrangements set forth on **Exhibit B** hereto and any other employee benefit plans and arrangements sponsored by the Company (the "Plans"), to reflect the Name Change throughout all documents relating to such Plans;

RESOLVED, that the officers of the Company be, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company to (i) take or cause to be taken any and all such further actions and to prepare, execute and deliver or cause to be prepared, executed and delivered, and where necessary or appropriate, file or cause to be filed with the appropriate governmental authorities, all such other instruments and documents, including but not limited to all certificates, consents, contracts, bonds, agreements, documents, instruments, receipts or other papers, and any amendments, extensions, supplements or modifications thereto to effectuate the foregoing resolutions, (ii) incur and pay or cause to be paid all fees and expenses and (iii) engage such persons as each such officer shall in his judgment determine to be necessary or appropriate to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby; and further

RESOLVED, that, to the extent necessary, the appropriate officers of the Company be and they hereby are authorized to submit the Plans as amended pursuant to the foregoing resolutions (or supplement any current submission), together with such supporting information and other documents as they may deem necessary or desirable, to the appropriate District Director of Internal Revenue for his consideration and the issuance in respect thereof of favorable determination letters, and in connection therewith to make such amendments or changes to the Plans, or to such supporting information and documents, and to take such other and further action as such officers may determine to be necessary or desirable to secure such approval and such favorable determination letters regarding the initial or continued qualified status of the Plans under Sections 401(a) and 501(a) of the Code and to take, or cause to be taken, any other actions they deem necessary or appropriate in connection with the foregoing resolutions; and further

RESOLVED, that the Corporate Secretary and any Assistant Corporate Secretary of the Company are each hereby authorized to certify and attest any documents which he or she may deem necessary or appropriate to consummate the transactions contemplated by the documents heretofore authorized and approved, provided that such attestation shall not be required for the due authorization, execution and delivery or validity of the particular document; and further

RESOLVED, that the foregoing powers and authorizations shall continue in full force and effect until revoked in writing by the Company; and further

RESOLVED, that all actions previously taken by any officer or director of the Company in connection with the transactions contemplated by the foregoing resolutions are hereby adopted, ratified, confirmed and approve in all respects.

{00090529.1 / 04-0053-8759}

**Exhibit A**

I FURTHER CERTIFY that the foregoing resolutions have not been altered, modified, revoked or rescinded, and that the same remain in full force and effect on the date hereof.

**IN WITNESS WHEREOF,** I have executed this certificate as of April 22, 2009.

Allison B. Cunningham
Assistant Secretary

{00090529.1 / 04-0053-8759}



P.O. Box 3795
Houston, TX 77253-3795

**Tom C. Livengood**
Senior Vice President & Controller

P.O. Box 3795
Houston, Texas 77253-3795
Tel: 832 357 7522
Fax: 832 357 2122
Cell: 713 408 1473
tlivengood@rrienergy.com

## Diwan, Nasreen

**From:** Andy_Gould@txs.uscourts.gov
**Sent:** Tuesday, May 18, 2010 11:11 AM
**To:** Diwan, Nasreen
**Subject:** RE: Bankruptcy Debtors

do not worry about the seal

Andy Gould
Financial Deputy
Phone 713/250-5653
Fax 713/250-5812

| From: | "Diwan, Nasreen" <NDiwan@rrienergy.com> |
|---|---|
| To: | <Andy_Gould@txs.uscourts.gov> |
| Date: | 05/18/2010 10:48 AM |
| Subject: | RE: Bankruptcy Debtors |

Thank you so much for respond to my email.
I have one more question.
If my company does not have a company seal as it is not legal requirement for us to have one, what do I need to provide?
Thank you,

Nasreen

**From:** Andy_Gould@txs.uscourts.gov [mailto:Andy_Gould@txs.uscourts.gov]
**Sent:** Tuesday, May 18, 2010 10:33 AM
**To:** Diwan, Nasreen
**Subject:** RE: Bankruptcy Debtors

Nasreen,

If the money belongs to the same company then you can combine the amounts into one application. A business card attached to the company letterhead is preferred. Either a passport or a drivers license will do.

Andy Gould
Financial Deputy
Phone 713/250-5653
Fax 713/250-5812

-----"Diwan, Nasreen" <NDiwan@rrienergy.com> wrote: -----